UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

   Plaintiff,

  v.                                       Case No. 13-CV-1459

**APPROXIMATELY $8,000 IN
UNITED STATES CURRENCY,**

   Defendant.

---

### DECISION AND ORDER ON PLAINTIFF'S MOTION
### REQUIRING CLAIMANT TO FILE AMENDED ANSWER

---

The United States commenced a civil forfeiture action by filing a verified complaint against the defendant, $8,000 in seized currency. (Verified Compl., Docket # 1.) The claimant, Terry Cunningham ("Cunningham") filed a verified claim (Claim, Docket # 10) and an answer to the verified complaint (Answer, Docket # 13). The United States argues that Cunningham's answer is legally deficient. Before the Court is the United States' motion to require Cunningham to file an amended answer that complies with Fed. R. Civ. P. 8(b) and 10(b). For the reasons stated below, the United States' motion is denied.

### BACKGROUND

On December 31, 2013, the United States filed a verified complaint for civil forfeiture *in rem* against the defendant property, approximately $8,000 in United States currency, which was seized on July 29, 2013 from a vehicle in which Cunningham was a passenger. (Exh. A to Verified Compl., ¶ 5, Docket # 1-1.) The complaint incorporates the fourteen paragraph verifying affidavit of James H. Krueger, a Special Agent with the Drug

Enforcement Administration. (Compl. ¶ 6.) The verifying affidavit sets forth, in enumerated paragraphs, the factual basis for the seizure and forfeiture of the defendant currency. (Krueger Aff.) On January 8, 2014, the United States filed notice of the complaint and served the notice by certified mail on Cunningham and his attorney. (Docket # 5.) On January 21, 2014, Cunningham filed a verified claim to the defendant currency. On February 13, 2014, the United States filed a letter notifying the Court that Cunningham's deadline to file an answer expired on February 11, 2014. (Docket # 12.) Cunningham filed an answer the same day. Although Cunningham specifically admits or denies the allegations in paragraphs 1-5 and 7-8 of the complaint, as to paragraph 6, which incorporates the Krueger affidavit, Cunningham states that he "denies the factual allegations in paragraph 6 of the plaintiff's complaint and its incorporated Exhibit A, in part because he lacks information sufficient to form a belief as to the truth of some of the allegations in Exhibit A." (Answer at 1.)

## ANALYSIS

The United States argues that Cunningham's answer is deficient because he fails to specifically admit or deny each enumerated paragraph in the Krueger affidavit. Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides that a claimant must serve and file an answer to the forfeiture complaint within 21 days after filing the claim. Rule G does not dictate the form the answer must take; however, Rule G(1) provides that to "the extent that this rule does not address an issue, Supplemental Rules C and E and the Federal Rules of Civil Procedure also apply." Fed. R. Civ. P. 8(b)(1)(B) states that in responding to a pleading, a party must "admit or deny the allegations asserted against it by an opposing party." However, a party may assert a general

denial when the party intends "in good faith to deny all the allegations of a pleading." Fed. R. Civ. P. 8(b)(3). If a party intends to deny only part of an allegation, the party must admit the part that is true and deny the rest. Fed. R. Civ. P. 8(b)(4). Further, if a party lacks knowledge or information sufficient to form a belief about the truth of an allegation, the party must state this and that statement has the effect of a denial. Fed. R. Civ. P. 8(b)(5).

It appears that Cunningham is denying all of the allegations in paragraph 6 of the complaint and Exhibit A; however, some of the denials are because he lacks sufficient information to form a belief as to the truth of the allegations. The United States argues that it is prejudiced because it lacks reasonable notice as to which allegations in the complaint Cunningham seeks to place in issue. A reasonable reading of Cunningham's answer is that he seeks to place all of the allegations in Krueger's affidavit in issue. Additionally, while Cunningham does not state which of the allegations he specifically denies because of lack of information, a reasonable reading of the answer is that Cunningham is denying the entirety of paragraph 6 and the Krueger affidavit. As such, the United States' motion is denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's Motion to Require Claimant Terry Cunningham to File an Amended Answer (Docket # 19) is **DENIED**.

Dated at Milwaukee, Wisconsin this 2nd day of June, 2014.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge